```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

  KEVIN DEAN,

                  Petitioner,                    MEMORANDUM & ORDER

                 - against -
                                                 05-CV-1496 (DGT)
  UNITED STATES,

                  Respondent.
------------------------------------------------------- x
```

TRAGER, J.

On February 12, 1992, petitioner Kevin Dean was arrested at Gerritsen Inlet, part of Gateway National Recreation Area, a national park, for public lewdness. Opposition to Plaintiff's Petition for a Writ of Habeas Corpus ("Opp. Brief") at 3. According to the Criminal Incident Report filed by the arresting officer, Dean was observed standing in a weeded area "continuously strok[ing] and manipulat[ing] his erect penis in public view." Id., Ex. 1. Dean was then taken to a police station where has was read his Miranda rights, photographed and fingerprinted. Id. at 3. According to Dean, one of the officers at the police station advised Dean that involving an attorney was unnecessary and would simply extend the case and assured Dean that if he jsut paid the fine, "the incident would 'fall off [his] record in a few years.'" Affidavit of Kevin Dean in Support of Plaintiff's Motion to Withdraw Guilty Plea ("Dean Aff.") ¶ 3. Dean was then released on his own recognizance with instructions to pay an eighty dollar fine and send a form to an address

provided him.  Opp. Brief. at 3.  Dean proceeded to promptly send in the fine and the form.  Id.

Dean was, for nineteen years,[1] a school bus driver in the State of New Jersey.  Opp. Brief Ex. 1.  Recently, it appears that all school bus drivers in New Jersey must pass a "Criminal History Background Check" every four years when they renew their commercial drivers license.  Id.  In early 2004, while attempting to pass this background check, Dean discovered that his record indicated that he pled guilty to public lewdness with regard to the February 1992 incident.  Id.  As such, he is unable to continue his employment as a school bus driver under New Jersey law.  Id.  Dean claims that he was unaware that paying the fine would be the equivalent of a guilty plea and that he only did so because he was advised that the incident would not remain on his record.  Id.

In an attempt to rectify the situation, Dean filed a petition with this court to have his fingerprint record expunged. See Dean v. U.S., 04-mc-299.  This request was denied on the basis that the court did not have the authority to do so.  See Order dated November 8, 2004, Dean v. U.S., 04-mc-299. Undeterred, Dean, through counsel, attempted to file a motion

---

[1] Dean worked for the same school bus contractor from September 1993 until December 2003.  In December 2003, he began working for a new company. Opp. Brief, Ex. 1.  There is no information in the record regarding petitioner's employment before 1993.

2

pursuant to Fed. R. Crim. P. 11(d). Upon the advice of the court, counsel converted the motion into the case at bar as a petition for a writ of habeas corpus under 28 U.S.C. § 2255. The government submitted a brief opposing the petition primarily for jurisdictional reasons.

**Discussion**

"The habeas corpus jurisdictional statute . . . limit[s] its availability to those 'in custody.'" <u>Jones v. Cunningham</u>, 371 U.S. 236, 238 (1963). "Custody" does not necessarily mean physical confinement, but "restraints not shared by the public generally," including, for example, parole. <u>Id.</u> at 240-41. However, disabilities that a convicted felon may suffer upon the expiration of his sentence that "do not stem from continued control and supervision" by the authorities, but merely from his status as a felon do not meet the custody requirement. <u>U.S. ex rel. Rivera v. Reeves</u>, 246 F. Supp. 599, 601 (S.D.N.Y. 1965). Therefore, it is clear that the fact that petitioner is unable to pursue his chosen career because of his earlier guilty plea is insufficient to give this court jurisdiction to consider his habeas petition.

However, this court will now consider the petition as one for a writ of error coram nobis. "To qualify for coram nobis relief, a petitioner must show that '(1) there are circumstances compelling such action to achieve justice, (2) sound reasons

3

exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" Echendu v. U.S., CV-02-1255 (DGT), 2003 WL 21653370, at *5 (E.D.N.Y. 2003) (quoting Foont v. U.S., 93 F.3d 76, 79 (2d Cir. 1996)).

With regard to the first factor, the circumstances surrounding Dean's guilty plea leave great doubt that justice was done. "A criminal defendant's plea of guilty is perhaps the law's most significant waiver of constitutional rights . . ." U.S. v. Andrades, 169 F.3d 131, 132 (2d Cir. 1999). A guilty plea must be "voluntary and intelligent" and, under Fed. R. Crim. P. 11, a court must fully inform the defendant of the implications of his plea, be satisfied that the defendant understands the nature of his plea and that there is a factual basis for the plea. Id. at 134. It appears doubtful that Dean's plea was in fact voluntary and intelligent because there was no allocution, and plaintiff claims that he was advised not to consult a lawyer and was told that his record would be wiped clean in a few years. His claim can not be dismissed out of hand because court records do not contain the particular form that plaintiff sent in, nor the standard form in use at the time, which may have informed him of the implications of paying the fine. It thus remains unclear whether his guilty plea was either intelligent or voluntary.

4

Plaintiff has provided a sufficient explanation as to why he did not appeal to a court earlier. The fact that plaintiff did not know that he had a record until recently is a sound reason for his failure to seek relief earlier. Nor was it unreasonable to think otherwise. He might well have thought his guilty plea equivalent to a speeding violation which goes off one's driving record after a period of time. Further, if the form he sent in along with his fine did not set forth the consequences of the plea, then plaintiff had no reason to know that he should seek relief.

"To meet the burden of demonstrating that he suffers from a continuing legal consequence, a petitioner must at least point to a 'concrete threat that an erroneous conviction's lingering disabilities will cause serious harm . . .'" Fleming v. U.S., 146 F.3d 88, 91 (2d Cir. 1998) (quoting U.S. v. Craig, 907 F.2d 653, 658 (7th Cir. 1990)). Dean has already demonstrated that his conviction has cause him serious harm in that he is unable to pursue his profession of nineteen years and is effectively banned from ever driving a school bus again.

## Conclusion

For the reasons stated above, the petition for habeas corpus is dismissed at this time. A decision on the writ of coram nobis is reserved until the form upon which plaintiff allegedly pled guilty is submitted to the court. The government is directed to do so within thirty (30) days.

Dated:     Brooklyn, New York
            August 31, 2005

SO ORDERED:

\_\_\_\_\_/s/_____
David G. Trager
United States District Judge